IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LAINEY ANN RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S CLUB HUMACAO, et. al.,<br><br>Defendants. | CIVIL NO. 16-2307 (ADC) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

What came first, the chicken or the egg?  The answer to that long-asked question is what governs the facts and outcome of this case.

Plaintiff Lainey Ann Rivera ("Plaintiff") brings forth this action to recover damages as a result of an accident which she alleges claimed her father's life.   The Complaint in this case avers that on July 14, 2015, her father, Roberto Rivera Mojica ("Mr. Rivera" or "the decedent"), went to the Sam's Club ("Defendant" or "Sam's") located in Humacao, Puerto Rico with Ada Irma Mojica ("Mrs. Mojica").  Mrs. Mojica is Mr. Rivera's mother, and Plaintiff's grandmother.  Plaintiff, who lives in Florida, was not a witness to the incident.

The complaint alleges that, "while looking at merchandise, [Mr. Rivera] noticed a display of a wood swing and/or rocking chair for patios[1] which price had been reduced. [Mr. Rivera] sat on the swing to try it.  When he went to get off the swing, it relented, causing [Mr. Rivera] to fall back, severely hitting his head and hips."  (Docket No. 1, ¶¶ 14

---

[1] Hereinafter, "the swing".

and 15). After the incident, mother and son paid for their purchases and left. They went to Walmart Humacao, made other purchases and then went home. While at home, the decedent suffered seizures and was taken to the Ryder Hospital. He was then transferred to Centro Médico, where he ultimately passed away on July 16, 2015.

Plaintiff alleges that Defendant's negligence and carelessness while constructing and/or assembling the swing and failure to take appropriate measures, in order to prevent harm to its customers, caused her father's fall from the swing and subsequent death, which she now claims damages from.

Before the Court is Defendant Sam's Club's Motion for Summary Judgment (Docket No. 37). Sam's avers the case must be dismissed because it rests solely on hearsay evidence. Sam's argues there were no witnesses to the incident in question and Plaintiff cannot prove her case. To this effect, Defendant claims Plaintiff and Mrs. Mojica were not present at the time the incident happened. Therefore, they have no personal knowledge as to what caused the accident. The personnel from Sam's, who attended to the decedent immediately after the accident, did not witness the accident either. Furthermore, there is no direct or circumstantial evidence as to the cause of the incident. The store's security cameras were not pointed at the swing and no video exists. Plaintiff, Mr. Rivera and Mrs. Mojica did not file an accident report on that day with Sam's Club.

Consequently, since Plaintiff and Mrs. Mojica do not have personal knowledge of the accident, they may not testify as to its cause and what they may have been told by the decedent, which is classic inadmissible hearsay that is not subject to any of its exceptions. Because no witnesses and no evidence to prove causation exists, Sam's avers that Plaintiff cannot prove her case, and it must therefore be dismissed.

In Plaintiff's Opposition, she argues that Sam's failure to preserve relevant evidence has prevented her from proving her case. (Docket No 48). Plaintiff bases her arguments on the loss of three (3) pieces of evidence: 1) there is no video of the incident; 2) Sam's failure to produce reports of the incident and subsequent investigation; and 3) Sam's failure to preserve the swing that allegedly caused the accident. Plaintiff argues that she has none of this evidence entirely because of Sam's fault, and she has been severely prejudiced as a result of these actions.

In support of Plaintiff's arguments, she also filed a "Motion for Sanctions due to Spoliation of Evidence" which basically presents the same arguments as her opposition to Defendant's Motion for Summary Judgment, and ask for sanctions as a result of Sam's conduct. (Docket No. 47) Defendant counters averring that, since Plaintiff cannot prove causation, she is not entitled to a spoliation sanction.

On February 27, 2018, the presiding District Judge referred these motions to the undersigned for mediation, evaluation and adjudication, as deemed appropriate. (Docket No. 57). Two (2) mediation sessions were held on April 9 and June 14, 2018. The parties failed to come to an agreement. The presiding District Judge later referred Defendant's Motion for Summary Judgment and Plaintiff's Motion for Sanctions for a Report and Recommendation. (Docket No. 68).

For the reasons explained below, it is recommended to the Court to GRANT Defendant's Motion for Summary Judgment and the case be dismissed. Accordingly, and if the presider adopts the recommendation herein, the Motion for Sanctions becomes moot.

## STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to

function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.' " Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Time and again, the First Circuit has highlighted that facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

## UNCONTESTED FACTS

1. Wal-Mart Puerto Rico, Inc. is a domestic corporation that does business as Sam's Club in Puerto Rico, which is one of the several business formats that Wal-Mart uses in Puerto Rico. Docket No. 7, ¶¶ 7 and 8.

2. Wal-Mart Puerto Rico, Inc. owns and operates the Sam's Club warehouses on the island, including the one located at the Humacao Plaza in Humacao. Id.

3. Mrs. Mojica and Mr. Rivera arrived at Sam's Club at around 2:00 p.m. on Tuesday, July 14, 2015. D. Exhibit 2, p. 27, l. 11-17, p. 29, l. 3-4.

Case 3:16-cv-02307-ADC   Document 69   Filed 07/10/18   Page 6 of 16

Lainey Ann Rivera v. Sam's Club Humacao, et. al.
Report and Recommendation
Civil 16-2307 (ADC)
Page 6

4. Mr. Rivera drove that morning to Sam's Club. D. Exhibit 2, p. 27, l. 21-22.

5. They were at Sam's Club more or less two (2) hours. D. Exhibit 2, p. 32, l. 3-9.

6. Mr. Rivera was only accompanied by Mrs. Mojica while at Sam's Club that day. D. Exhibit 2. p. 29, l. 14-15.

7. The first time Mrs. Mojica saw the swing was on that day when she went to the store. D. Exhibit 2, p. 30, l. 15-17.

8. Mrs. Mojica walked toward the swing at Mr. Rivera's request. D. Exhibit 2. p. 31, l. 1-4.

9. The swing was in the front part of the store. D. Exhibit 2, p. 32, l. 15-18.

10. Mrs. Mojica told Mr. Rivera to sit on the swing. D. Exhibit 2, p. 34, l. 10-13.

11. Mrs. Mojica told him to stay there because she had to go to the bathroom. D. Exhibit 2, p. 34, l. 14-15.

12. Mrs. Mojica went to the bathroom and was there for some minutes. D. Exhibit 2, p. 34, l. 16-17.

13. Mrs. Mojica did not see anything abnormal with the swing before leaving to the bathroom. She was in a hurry to go to the bathroom and was not paying attention. D. Exhibit 2, p. 34, l. 25, p. 35, l. 6.

14. Mrs. Mojica was in the ladies' room not more than five (5) minutes. D. Exhibit 2, p. 35, l. 12-13.

15. When Mrs. Mojica arrived at the area of the swing, she saw Mr. Rivera lying on the floor, face up. D. Exhibit 2, p. 36, l. 2-6, p. 38, l. 15-17.

16. Mrs. Mojica did not see Mr. Rivera's fall and did not see how it came to hap-

Case 3:16-cv-02307-ADC   Document 69   Filed 07/10/18   Page 7 of 16

Lainey Ann Rivera v. Sam's Club Humacao, et. al.
Report and Recommendation
Civil 16-2307 (ADC)
Page 7

pen that Mr. Rivera was on the floor because she was not present. D. Exhibit 2, p. 36, l. 14-22, l. 18-20; D. Exhibit 3, p. 104, l. 17-18.

17. Mrs. Mojica could only see where Mr. Rivera received dialysis in his body, there was no other visible wound on Mr. Rivera. D. Exhibit 2, p. 40, l. 7-10.

18. Mrs. Mojica did not talk about the condition of the swing to any of the people that she spoke to on the day of the incident. D. Exhibit 2, p. 44, l. 4-5.

19. When Mr. Rivera left Sam's Club, Mrs. Mojica found him to be walking normally. D. Exhibit 2, p. 48, l. 20-24.

20. After Mr. Rivera and Mrs. Mojica left Sam's Club, they did not go to a hospital, they went to a Wal-Mart. D. Exhibit 2, p. 47, l. 21-23; p. 48, l. 1.

21. Mrs. Mojica reported the accident to the Police on July 19, 2015. The report did not mention a fall from a swing. D. Exhibit 6.

22. Ms. Joharis Cruz ("Ms. Cruz") worked for Sam's Club 20 years. She was a front end supervisor. D. Exhibit 4, p. 6, l. 7-17.

23. Ms. Cruz did not see Mr. Rivera's fall. D. Exhibit 4, p. 19, l. 8-9; p. 51, l. 5-10.

24. Ms. Cruz was in the podium area when some associates called her over and she called the manager. D. Exhibit 4, p. 22, l. 3-9.

25. Mr. Luis Robles ("Mr. Robles") was the manager who came over to the scene. D. Exhibit 4, p. 22, l. 10-11.

26. Ms. Cruz ran to the area and saw Mr. Rivera on the floor. D. Exhibit 4, p. 25, l. 14-18.

Case 3:16-cv-02307-ADC   Document 69   Filed 07/10/18   Page 8 of 16

Lainey Ann Rivera v. Sam's Club Humacao, et. al.
Report and Recommendation
Civil 16-2307 (ADC)
Page 8

27. Ms. Cruz had not heard any sound of a fall before she was called over to the area.  D. Exhibit 4, p. 41, l. 5-7.

28. Ms. Cruz saw Mr. Rivera lying on the floor, but does not recall exactly how. He was under the swing. D. Exhibit 4, p. 25, L. 14-18; p. 21, l. 2-4.

29. Ms. Cruz walked Mr. Rivera a chair.  D. Exhibit 4, p. 26, l. 6-11.

30. Mr. Rivera sat down, and she offered him some rubbing alcohol because he was dizzy.  D. Exhibit 4, p. 26, l. 3-16.

31. Ms. Cruz was not present when Mr. Robles spoke with Mr. Rivera and Mrs. Mojica.  D. Exhibit 4, p. 27, l. 8-12.

32. Ms. Cruz first heard Mr. Rivera speak when his mother scolded him to get up to leave.  D. Exhibit 4, p. 28, l. 13-18.

33. Mrs. Mojica did not fill out any incident report on July 14, 2015.  D. Exhibit 2, p. 44, l. 6-11.

34. Mrs. Mojica later filed a report at the store because she needed it for insurance purposes.  D. Exhibit 5, p. 33, l. 6-14.

35. Plaintiff Lainey Ann Rivera was not in Puerto Rico when Mr. Rivera's incident happened.  D. Exhibit 5, p. 21, l. 13-20.

36. Paragraph 11 of Mrs. Mojica's Complaint in local court mentions a "defect" on the swing.  Mrs. Mojica does not know what the "defect" was. D. Exhibit 2, p. 47, l. 6-8.

37. Mrs. Mojica stated under oath that she did not allege that the swing was defective because she did not know it had a defect.  D. Exhibit 2, p. 44, l. 22-25; p. 45, l. 2.

38. Plaintiff Rivera claims in paragraph 15 of the Complaint that the swing relented, but she was not at the scene, this is what she was told. D. Exhibit 5, p. 33, l. 19-25; p. 34, l. 1.

39. Plaintiff Rivera claims in paragraph 26 of the Complaint that the swing was defectively manufactured/assembled, but this is what she was told. D. Exhibit 5, p. 34, l. 2-9.

40. Plaintiff Rivera claims in paragraph 28 of the Complaint that the swing was negligently and carelessly manufactured because something was wrong with it, but she was not at the scene, and this is what she was told. D. Exhibit 5, p. 35, l. 20-25; p. 36, l. 1- 9.

41. Plaintiff Rivera found out about her father's demise because she received a Facebook message from her aunt on the evening that the incident occurred. She later spoke on the phone to her aunt. D. Exhibit 5, p. 20, l. 10-16.

42. Mr. Rivera suffered from HIV for the last 29 years. D. Exhibit 2, p. 23, l. 20-21; p. 20, l. 10-13.

43. Mr. Rivera had been undergoing dialysis since before 2006. D. Exhibit 2, p. 15, l. 5-14.

44. Mr. Rivera suffered from high blood pressure. D. Exhibit 2, p. 23, l. 20-21.

## LEGAL ANALYSIS

Under Article 1802 of Puerto Rico's Civil Code, recovery of tort damages requires a showing that the defendant "by act or omission cause[d] damage to another through fault or negligence." P.R. Laws Ann. tit. 31, § 5141. In order to establish negligence under Puerto Rico law, a party must show: (1) defendant owed a duty to plaintiff; (2) defendant

Case 3:16-cv-02307-ADC   Document 69   Filed 07/10/18   Page 10 of 16

Lainey Ann Rivera v. Sam's Club Humacao, et. al.
Report and Recommendation
Civil 16-2307 (ADC)
Page 10

breached that duty (i.e. the defendant was negligent); (3) injury to the plaintiff; and (4) proximate cause between defendant's breach of the duty of care and plaintiff's injury. See Torres v. K-Mart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R. 2002). Foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause. See Woods-Leber v. Hyatt Hotels of P.R., 951 F.Supp. 1028, 1036 (D.P.R. 1996), *aff'd*, 124 F.3d 47 (1st Cir. 1997) (foreseeability is a component of breach of duty and proximate cause).

Breach of duty has, as its name implies, two (2) sub-elements, duty and breach. In most cases, the duty is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances. See Ortíz v. Levitt & Sons of P.R., Inc., 101 D.P.R. 290 (1973). Foreseeability is a component of the "breach" sub-element because a defendant only breaches his duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk. See Pacheco Pietri v. ELA, 133 D.P.R. 907 (1993). In other words, a person breaches the duty of reasonable care when his actions create reasonably foreseeable risks. A plaintiff, then, must show the foreseeable risks created by defendant's acts or omissions in order to carry his/her burden as to this element of a tort claim. Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 53 (1st Cir. 2007).

Turning to the instant case, it is undisputed that Defendant, as owner of a public establishment, had a duty to exercise reasonable care to maintain the premises safe for its patrons. Goose v. Hilton Hotels, 79 DPR 523 (1956). However, "even though an owner or occupier of commercial premises must exercise due care for the safety of its patrons, it is

not liable in tort without a showing of fault." Calderón-Ortega v. U.S., 753 F.3d 250, 254 (1st Cir. 2014) (*citing* Vázquez-Filippetti, 504 F.3d at 49).

Defendant argues that there were no witnesses to the accident. No one saw the accident, there are no affidavits from any witnesses and there is no statement written by Mr. Rivera as to the cause of the accident. The Police report made on July 19, 2015 does not mention a fall from the patio swing. The claim form at Sam's Club, which was filled out a full two (2) weeks after the accident and not contemporaneously, was prepared by Mrs. Mojica, not Mr. Rivera. Plaintiff Lainey Ann Rivera was not in Puerto Rico at the time the accident happened, and thus, cannot attest as to the cause of the accident or how it happened. Defendant, therefore, posits that Plaintiff cannot establish what caused her father's fall, thus failing the "breach of duty" and "proximate cause" elements. The Court agrees.

To prove that a business owner breached that duty, a plaintiff must show that the defendant had actual or constructive knowledge of a hazardous or dangerous condition on his premises that more likely than not caused the damages to the plaintiff. Vázquez-Filippetti, 504 F.3d at 50; Cotto v. C.M. Ins. Co., 416 P.R. Offic. Trans. 786, 793-94, 116 D.P.R. 64 (1985). As such, "[t]here is no liability for harm resulting from dangerous conditions of which [the business owner] does not know, and which a reasonable inspection would not have discovered, or from conditions from which no unreasonable risk was to be anticipated." Mas v. United States, 784 F. Supp. 945, 948 (D.P.R. 1992) aff'd, 984 F.2d 527 (1st Cir. 1993) (*quoting* Goose v. Hilton Hotels Int'l, Inc., 79 D.P.R. 523 (1956) (emphasis in original)).

No dangerous condition at all has been established by Plaintiff in the instant case.

Plaintiff assumes that her father fell from the swing because she alleges and was told it was defective, but there is no evidence to establish the same. As a matter of fact, no one saw the alleged fall and thus, no one knows what caused the fall. Mr. Rivera could have slipped on water, tripped on his own shoelace, or gotten dizzy and fallen. Since there are no witnesses to the accident or other direct or circumstantial evidence to establish the same, no breach of any duty can be established, and no foreseeable risk has been created by Sam's acts or omissions here. By the same token, proximate cause between Defendant's breach of the duty of care and Plaintiff's injury cannot be established on these facts. As Defendant correctly points out, the doctrine of *res ipsa loquitur* has been abolished in Puerto Rico for some time now.

In a somewhat circular argument, Plaintiff proffers that the fact that she cannot prove her case is Defendant's fault, because it failed to preserve evidence. Yet, although the Court must make all reasonable inferences in Plaintiff's favor at this stage, the burden at all times remains with her, as Plaintiff, to prove all elements of her case. As Defendant aptly states, the fact that Plaintiff claims she cannot prove her case but for Defendant's actions is putting the cart before the horse. Simply put, Plaintiff lacks evidence to prove her claims and they cannot survive summary judgment.

Furthermore, Plaintiff has failed to establish that the missing evidence is necessary for her case. Plaintiff claims that, because Defendant failed to preserve the video in question of the incident, failed to preserve an incident report and investigation, and decommissioned the swing, she is unable to prove her case. However, precisely because she has not established that the fall from the swing caused the accident and subsequent

Case 3:16-cv-02307-ADC   Document 69   Filed 07/10/18   Page 13 of 16

Lainey Ann Rivera v. Sam's Club Humacao, et. al.
Report and Recommendation
Civil 16-2307 (ADC)
Page 13

death of Mr. Rivera, she cannot claim that these items can somehow help her prove her claims.

As previously stated, Mr. Rivera could have ended up on the floor in any number of ways, such as slipping, tripping, stumbling or getting dizzy. The swing in question could have been in perfect condition. Yet, Plaintiff has absolutely no evidence to substantiate her version of events that the swing was faulty and caused the fall, which is fatal at this stage. The burden is on Plaintiff at all times to prove her claims and she lacks any witness as to the cause of the fall itself. As such, she cannot establish that the spoiled evidence could be helpful to her case.

Furthermore, assuming the evidence was available, Plaintiff would still be unable to prove her claim at this stage. The missing video would not have helped her, insofar as Defendant has established, not that it was erased, but rather that it never existed to begin with, insofar as the cameras were pointed at the cash registers and not at the swing. Thus, any existing video would do nothing for Plaintiff's case. The actual swing and the internal reports would not have helped Plaintiff either because she lacks evidence to establish causal nexus between the swing and the fall. Since no one saw the fall and no circumstantial evidence has been proffered either, Plaintiff cannot establish that the swing, had it been preserved, necessarily caused the fall. Plaintiff's version of events is simply a speculation at this stage, which is insufficient for her claims to move forward.

The only evidence in the record before the Court are the claim form, the Police report and the hospital record. Yet, these documents do not help Plaintiff's case because they are hearsay evidence that are not subject to any of the hearsay exceptions. The same

applies to Mrs. Mojica's and Plaintiff's testimony about what they were told about the cause of the accident.

As is well known, the Federal Rules of Evidence generally prohibit parties from introducing any out of court statement offered for the truth of the matter asserted, unless any of its numbered exceptions apply. Fed. R. Evid. 801(c)(1), (2), & 802. Plaintiff has proffered none here.

The emergency room medical record is illegible so the Court cannot tell what it states. As such, the same is of no use to the Court. The Police report, dated July 19, 2015, states that "claimant alleges that the victim fell in Sam's on July 14, 2015 around 4 pm. He went home." Mr. Rivera passed away on July 16, 2015. Thus, it is evident that this information was given to the officer by Mrs. Mojica. The information does not mention a swing. The Sam's Club incident report mentions the fall from a swing, but it was likewise filled out by Mrs. Mojica after Mr. Rivera's death, as it is dated July 27, 2015.

The police report and the Sam's incident report were prepared after Mr. Rivera's death, so it is evident that Mrs. Mojica prepared them, or gave the information to a third party to be filled out, as in the police report. These documents are being offered to establish the truth of what is asserted in them, mainly, that Mr. Rivera allegedly fell from the swing and hit his head, and Mr. Rivera made them outside the courtroom. This is classic hearsay, and Plaintiff has failed to allege any applicable hearsay exception to these documents. Additionally, the fact that Mrs. Mojica and Mr. Rivera left the Sam's store and Mrs. Mojica did not file a claim a full two (2) weeks after the accident, and the Police report failed to mention a swing further militate against Plaintiff's case.

Regarding the testimony itself, Mrs. Mojica would be testifying to what Mr. Rivera

Case 3:16-cv-02307-ADC   Document 69   Filed 07/10/18   Page 15 of 16

Lainey Ann Rivera v. Sam's Club Humacao, et. al.
Report and Recommendation
Civil 16-2307 (ADC)
Page 15

told her caused the accident. The same hearsay principle applies, as she would be attempting to prove that the accident was caused when Mr. Rivera fell from the swing and hit his head, and Mr. Rivera allegedly made this statement to her outside the courtroom. This is inadmissible under the Federal Rules of Evidence, and Plaintiff again fails to proffer an evidentiary exception that would permit it.

Plaintiff's testimony fares no better and suffers from a double hearsay problem, insofar as Plaintiff was told by a third person, her aunt, about the accident. Thus, Mrs. Mojica told the aunt about the incident, the aunt wrote to Plaintiff over Facebook, and then told Plaintiff over the phone what happened. This makes the statement doubly infirm, and likewise inadmissible.

Finally, the autopsy report establishes that Mr. Rivera had a cerebral skull hematoma and died of some sort of head trauma. However, without knowing what caused said trauma, this information is unhelpful to establish Plaintiff's case that it was allegedly the fall from the swing that caused his death.

For all the above stated reasons, the Court finds that Plaintiff has failed to establish the manner and cause of the accident. Plaintiff failed to establish that Mr. Rivera fell from the swing, and that the fall happened because the swing was somehow defective and/or improperly assembled. Accordingly, Plaintiff has failed to prove the "breach of duty" and "proximate cause" elements of the claim.

## CONCLUSION

In view of the above, it is recommended that the Court to GRANT Defendant's Motion for Summary Judgment and this case be dismissed. (Docket No. 37).

Consequently, if the presider adopts this recommendation which disposes of the case, Plaintiff's Motion for Sanctions (Docket No. 47) will become MOOT.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim. P. 59(b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, on this 10th day of July, 2018.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ RIVE
        UNITED STATES MAGISTRATE JUDGE